UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VALERIE MURPHY, <br><br> Plaintiff, <br><br> v. <br><br> JOHNSON & JOHNSON, ORTHO-MCNEIL PHARMACEUTICAL, INC., and JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH & DEVELOPMENT, LLC, <br><br> Defendants. | Case No. 11-cv-501-JPG-DGW |

## MEMORANDUM AND ORDER

This matter comes before the Court for case management purposes. Specifically, the Court **VACATES** the direction in its Memorandum and Order (Doc. 9) of June 22, 2011, requiring periodic status reports.

Additionally, the Court notes the following defect in the jurisdictional allegations of the Notice of Removal (Doc. 2) filed by Defendants:

- **Failure to allege citizenship of corporate member of an unincorporated association.** To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *See Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company, and "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). For a corporate member, the pleading must affirmatively allege the state of its principal place of business <u>and</u> the state of its incorporation. 28 U.S.C. § 1332(c)(1) (2006). Here, the notice of removal alleges the state of incorporation of the sole member of Defendant Johnson & Johnson Pharmaceutical Research and Development, LLC, but it does not allege its principal place of business.

<u>Notwithstanding the stay of this case</u>, the Court **ORDERS** that Defendants shall have up to and including July 8, 2011, to amend the faulty pleading to correct the jurisdictional defect. Failure to amend the faulty pleading may result in remand of this case for lack of subject matter jurisdiction. Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. Defendants are directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**Dated: June 28, 2011**

s/ J. Phil Gilbert<br>**J. PHIL GILBERT**<br>**DISTRICT JUDGE**